UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERRENCE MATTHEWS, | ) | CASE NO. 4:16CV1344 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| S MERLAK, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the court is *pro se* petitioner Terrence Matthews's above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons has erred in his sentence calculation by failing to give him credit for time he spent in home confinement while on bond before he was sentenced. The Court finds no error in the calculation of Matthews' jail time credit.

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Matthews is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003); *Hahn v. Star Bank*,

1

190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the petition lacks merit.

Matthews' petition rests upon the premise that he is entitled to jail time credit from January 12, 2012 through July 31, 2013. Matthews contends that the conditions of his bond during that time included electronic monitoring and home incarceration. As such, Matthews asserts that he is entitled to jail time credit for that period.

The Sixth Circuit has previously discussed jail time credit in this context:

Title 18 U.S.C. § 3585(b) provides in pertinent part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

(1) as a result of the offense for which a sentence was imposed.

Section 3585 became effective for crimes committed on or after November 1, 1987. Prior to the enactment of section 3585, credit for presentence custodial time was governed by former 18 U.S.C. § 3568. Section 3568 mandated sentence credit for any days spent "in custody." The language "in custody" was replaced by "official detention" in section 3585. This Court interpreted "in custody" to require physical incarceration. *Marrera v. Edwards*, 812 F.2d 1517 (6th Cir.1987). We have yet to interpret the term "official detention."

Other circuits have held that "official detention" requires "imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *United States v. Woods*, 888 F.2d 653, 655 (10th Cir.1989), cert. denied, 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990). The Tenth Circuit held that time spent in a halfway house, although required by the sentencing court as a condition of release, was not a restriction of liberty equivalent to incarceration in a jail facility, and denied sentence credit under section 3585. *Id*. at 656. *See United States v. Zackular*, 945 F.2d 423 (1st Cir.1991) ("confinement to the comfort of one's home is not the functional equivalent of incarceration in either a practical or a psychological sense").

In *United States v. Insley*, 927 F.2d 185 (4th Cir.1991), the Fourth Circuit denied sentence credit to a defendant who was released on appeal bond subject to certain conditions. The defendant was required to seek employment, reside with her parents and leave the residence only to seek employment or travel to work or

2

church, be in her residence by 9:00 p.m., and be electronically monitored under the direction of the United States Probation Office. *Id*. at 186. The court found that the conditions of release to which the defendant was subjected did not rise to the level of physical incarceration and denied sentence credit. *Id*.

We agree with the *Insley* court. We find no reason to depart from our prior precedent that requires physical incarceration to receive credit for presentence detention. There is nothing in the statute itself or the legislative history to indicate that the meaning of the term "official detention" was meant to change the availability of sentence credit. S.Rep. No. 225, 98th Cong., 2d Sess. 128-29 reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3311-12.

*United States v. Becak*, 954 F.2d 386, 387-88 (6th Cir. 1992). This holding was subsequently affirmed when the Supreme Court considered the matter. *See Reno v. Koray*, 515 U.S. 50, 56 (1995). Accordingly, despite the restrictions placed on Matthews' bond, he was not subject to official detention as defined by the Supreme Court. As such, he is not entitled to any additional jail time credit.

## *Conclusion*

Based on the foregoing, Petitioner's petition is DENIED and DISMISSED pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: June 21, 2016                    */s/ John R. Adams*
                                       JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE